**Maxine K. HINKLE, Administratrix of the Estate of W. Max Hinkle, Deceased, and Maxine K. Hinkle, Plaintiffs,**

v.

**NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Defendant.**

**Civ. No. 3–659.**

United States District Court
S. D. Iowa, Central Division.

Jan. 18, 1957.

Leland S. Forrest, Des Moines, Iowa, for plaintiff.

Phineas M. Henry, Des Moines, Iowa, for defendant.

REEVES, District Judge.

Able counsel for defendant has filed a motion for judgment notwithstanding the verdict. This has been carefully examined.

It is set forth that the conditional receipt which constituted the basis of the action was but a receipt for premium and did not provide insurance for the applicant.

Adverting to the receipt, this recital is observed:

"The insurance applied for shall be in full force and effect from this date, provided the Proposed Insured is now in good health, * * *."

The subsequent provisions of the receipt were to the effect that the final consummation of the contract or application for insurance, and the issuance of a policy were or would be conditioned upon "satisfactory evidence that the *Proposed Insured* (emphasis mine) is now insurable for the amount, plan and rating applied for, etc."

It is to be noted that the applicant had the benefit of insurance for the full amount applied for if it appeared that he was in good health at the time.

It was then provided that a policy would be issued only if it appeared later that the "Proposed Insured" was insurable. It is obvious that it was the purpose of the defendant to grant temporary

**548**

insurance if the applicant be in good health, until it was determined later whether he was insurable.

The applicant deceased before such determination should be made and the receipt, if it meant anything, meant that his beneficiary was entitled to the amount covered by the receipt.

It follows that a motion for a judgment non obstante veredicto should be and will be overruled.